IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| VANESSA VASQUEZ, | ) | CIV. NO. 19-00513 HG-WRP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KIEWIT INFRASTRUCTURE WEST, CO., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ORDER DENYING DEFENDANT KIEWIT INFRASTRUCTURE WEST CO.'S MOTION TO DISMISS COUNT II OF SECOND AMENDED COMPLAINT (ECF No. 20)**

Plaintiff Vanessa Vasquez was employed with Defendant Kiewit Infrastructure West, Co. ("Kiewit") as a Journeyman Ironworker. Plaintiff was terminated on September 16, 2015, following a workplace injury.  After her termination, Plaintiff contacted the United States Equal Employment Opportunity Commission ("EEOC") and completed an Inquiry Form.  She also completed a telephone interview.  Plaintiff later filed a Charge of Discrimination with the EEOC, asserting that she was discriminated against by Defendant Kiewit.  An investigation was completed by the EEOC and Plaintiff was issued a Right To Sue letter.

Plaintiff filed a Second Amended Complaint alleging three counts.

Count I alleges sex and race discrimination in violation of Title VII of the Civil Rights Act of 1964.

Count II alleges disability discrimination in violation of

1

the Americans With Disabilities Act of 1990.

Count III alleges Plaintiff was retaliated against for complaining about unlawful discrimination.

Defendant Kiewit filed a Motion to Dismiss Count II in the Second Amended Complaint. Defendant Kiewit argues that the Court lacks subject-matter jurisdiction over Plaintiff's disability discrimination claim. Defendant asserts Plaintiff failed to exhaust her administrative remedies for her disability discrimination claim before filing suit. Defendant seeks dismissal of that claim pursuant to Fed. R. Civ. P. 12(b)(1).

The Court has subject-matter jurisdiction over the case pursuant to federal question jurisdiction. Plaintiff's claims arise pursuant to federal law, specifically Title VII of the Civil Rights Act of 1964 and the Americans With Disabilities Act of 1990.

Exhaustion of administrative remedies for purposes of bringing employment discrimination claims is mandatory, but not jurisdictional. Exhaustion of administrative remedies for such claims is not subject to Federal Rule of Civil Procedure 12(b)(1).

Plaintiff pled that she exhausted her administrative remedies. To the extent Defendant seeks to challenge Plaintiff's pleading by relying on extrinsic evidence, Plaintiff has raised questions of fact as to the exhaustion of her disability discrimination claim.

Defendant Kiewit's Motion to Dismiss Count II of the Second

Amended Complaint (ECF No. 20) is **DENIED**.

## PROCEDURAL HISTORY

On September 25, 2019, Plaintiff filed a Complaint. (ECF No. 1).

On January 16, 2020, Plaintiff filed a FIRST AMENDED COMPLAINT. (ECF No. 16).

On March 2, 2020, Plaintiff filed a SECOND AMENDED COMPLAINT. (ECF No. 19).

On April 3, 2020, Defendant Kiewit Infrastructure West, Co. filed DEFENDANT KIEWIT INFRASTRUCTURE WEST CO.'S MOTION TO DISMISS COUNT II OF SECOND AMENDED COMPLAINT. (ECF No. 20).

On April 13, 2020, the Court issued a briefing schedule and set a hearing date on the Motion. (ECF No. 21).

On April 27, 2020, Plaintiff filed an Opposition. (ECF No. 24).

On May 11, 2020, Defendant filed a Reply. (ECF No. 26).

On May 27, 2020, the Court issued a Minute Order stating that it elects to decide the Motion without a hearing pursuant to District of Hawaii Local Rule 7.1(c). (ECF No. 27).

## BACKGROUND

**According to the Second Amended Complaint:**

Plaintiff Vanessa Vasquez is an African-American female. (Second Amended Complaint ("SAC") at ¶ 2, ECF No. 19). Plaintiff is a member of Honolulu Local Ironworkers Union of the

International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, AFL-CIO.  (<u>Id.</u> at ¶ 13).

On July 19, 2015, Plaintiff was hired by Defendant Kiewit Infrastructure West, Co. ("Kiewit") for the position of "Structural Journeyman Ironworker."  (<u>Id.</u> at ¶ 19).  Plaintiff claims that she was "constantly harassed, belittled, embarrassed and mistreated" by her male supervisor.  (<u>Id.</u> at ¶ 21). Plaintiff claims her supervisor would communicate directly to Plaintiff's subordinate instead of communicating with Plaintiff. (<u>Id.</u> at ¶ 23).  Plaintiff asserts that her male supervisor created unsafe working conditions that caused Plaintiff to be injured.  (<u>Id.</u> at ¶¶ 21-22).

On September 2, 2015, Plaintiff's supervisor removed a co-worker from the task they were performing and directed Plaintiff to move a machine weighing approximately 460 to 600 pounds by herself.  (<u>Id.</u> at ¶ 24).  Plaintiff "sustained a work-related injury to her low back and right shoulder, which was later proved to be a torn right rotator cuff and back strain with radiculopathy" as a result.  (<u>Id.</u>)

Also on September 2, 2015, Plaintiff's Union met with Defendant's representatives to discuss Plaintiff's complaints of discrimination.  (<u>Id.</u> at ¶ 26).  The following day, Defendant's human resources manager was informed of Plaintiff's complaints. (<u>Id.</u> at ¶ 27).

On September 5, 2015, Plaintiff was examined by Defendant's medical examiner.  (<u>Id.</u> at ¶ 28).  Two of Defendant's

4

representatives attended the examination with Plaintiff.  (Id.)
At the examination, Plaintiff informed Defendant's
representatives that she felt discriminated against by her
supervisor because "he took away her assistant in the middle of
doing a two-person job, which resulted in her injury."  (Id.)

On September 8, 2015, Plaintiff had a telephone conference
with Defendant's human resources manager about her complaints of
discrimination.  (Id. at ¶ 29).

On September 9, 2015, Plaintiff met with Defendant's human
resources manager where she explained that she was treated
unequally because of her race and gender and that her supervisor
created an unsafe work environment which resulted in her injury.
(Id. at ¶ 30).  Plaintiff made a written complaint and
Defendant's human resources manager stated that he would conduct
an internal investigation.  (Id.)

On September 16, 2015, Plaintiff was terminated from her
position.  (Id. at ¶ 31).  On the same date, September 16, 2015,
Defendant mailed a letter to Plaintiff stating that it had
conducted an investigation into her complaints of discrimination
but that "the results of the investigation were confidential."
(Id. at ¶ 32).

**PLAINTIFF'S ADMINISTRATIVE CHARGE OF DISCRIMINATION**

On January 20, 2016, Plaintiff completed an Inquiry Form
with the U.S. Equal Employment Opportunity Commission ("EEOC").
(Inquiry Form, dated January 20, 2016, attached as Ex. B to

Def.'s Motion, ECF No. 20-4).  Plaintiff alleged she was
discriminated against by her former employer, Defendant Kiewit.
(Id.)

On February 9, 2016, Plaintiff had an intake phone interview
with a representative from the EEOC.  (Id.)

On March 8, 2016, Plaintiff filed a Charge of Discrimination
with the EEOC.  (Charge of Discrimination dated March 8, 2016,
attached as Ex. A to Def.'s Motion, ECF No. 20-3).  Plaintiff's
Charge of Discrimination provides a factual basis for her
discrimination claims.  (Id.)

Plaintiff subsequently received a Right To Sue letter from
the EEOC.  (SAC at ¶ 8, ECF No. 19).

**PLAINTIFF'S LAWSUIT**

On September 25, 2019, Plaintiff filed a Complaint against
Defendant Kiewit.  (ECF No. 1).  Plaintiff amended her complaint
on January 16, 2020.  (ECF No. 16).

On March 2, 2020, Plaintiff filed the Second Amended
Complaint.  (ECF No. 19).  The Second Amended Complaint asserts
claims for discrimination because of sex, race, disability, and
for retaliation for complaining about unlawful discrimination.

## STANDARDS OF REVIEW

The requirements for exhaustion of administrative remedies
in employment discrimination cases are "mandatory" and
nonjurisdictional.  Fort Bend Cty, Texas v. Davis, 139 S.Ct.

1843, 1852 (2019).  Exhaustion of administrative remedies is
subject to dismissal for failure to state a claim pursuant to
Fed. R. Civ. P. 12(b)(6), not for lack of subject-matter
jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  Id.; Daniels
v. Donahoe, 901 F.Supp.2d 1238, 1245 (D. Haw. 2012).

A court must dismiss a claim as a matter of law pursuant to
Federal Rule of Civil Procedure 12(b)(6) where it fails "to state
a claim upon which relief can be granted."  When considering a
Rule 12(b)(6) motion to dismiss, the Court must presume all
allegations of material fact to be true and draw all reasonable
inferences in favor of the non-moving party.  Pareto v. F.D.I.C.,
139 F.3d 696, 699 (9th Cir. 1998).  Conclusory allegations of law
and unwarranted inferences are insufficient to defeat a motion to
dismiss.  Id.  The Court need not accept as true allegations that
contradict matters properly subject to judicial notice or
allegations contradicting the exhibits attached to the complaint.
Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th
Cir. 2001).

## ANALYSIS

## I.   Exhaustion Of Administrative Remedies Is Mandatory But Not Jurisdictional

A plaintiff bringing a claim of disability discrimination
against her employer pursuant to the Americans With Disabilities
Act of 1990 must first file a Charge of Discrimination with the
U.S. Equal Employment Opportunity Commission and receive a Right

7

To Sue letter.  42 U.S.C. § 12117(a) (adopting the procedures for administrative exhaustion of ADA claims pursuant to the procedures set forth in Title VII of the Civil Rights Act of 1964); Stiefel v. Bechtel Corp., 624 F.3d 1240, 1244-45 (9th Cir. 2010).

In 1994, the Ninth Circuit Court of Appeals ruled that the administrative exhaustion requirement was "jurisdictional" and determined that a federal district court only has "subject matter jurisdiction" over claims that are administratively exhausted. E.E.O.C. v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir. 1994).

Last year, in Fort Bend Cty., Texas v. Davis, 139 S.Ct. 1843, 1846 (2019), the United States Supreme Court abrogated the Ninth Circuit Court of Appeals' ruling.  In Fort Bend Cty., the United States Supreme Court considered the question of whether administrative exhaustion requirements for federal employment discrimination claims are "jurisdictional" prerequisites or whether they are instead "mandatory" procedural requirements. The United States Supreme Court held that such administrative exhaustion requirements are "not jurisdictional."  Id. at 1850. The Court explained that the exhaustion requirements are "mandatory" procedural obligations that are "claim-processing" rules.  Id. at 1851.

As such, the federal courts have subject matter jurisdiction over employment discrimination claims brought pursuant to Title VII of the Civil Rights Act of 1964 or the Americans With Disabilities Act of 1990.  Fed. R. Civ. P. 12(b)(1) is irrelevant

to administrative exhaustion of employment discrimination claims.
Id.; Jass v. CherryRoad Technologies, Inc., Civ. No. 19-cv-
609DKW-RT,   F.Supp.3d  , 2020 WL 1493030, *5 n.4 (D. Haw. Mar.
27, 2020) (explaining Rule 12(b)(1) is inapplicable to failure to
exhaust employment discrimination claims following Fort Bend
Cty., Texas, 139 S.Ct. at 1846).  Attacks for failure to exhaust
administrative remedies for employment discrimination claims are
limited to defenses on the merits.  Id.

     The Supreme Court's decision in Fort Bend Cty., Texas, 139
S.Ct. at 1846, abrogates the Ninth Circuit Court of Appeals'
decisions which have ruled that administrative exhaustion is
jurisdictional.

## II.  Motions To Dismiss For Failure To Exhaust Administrative Remedies Are Subject To Fed. R. Civ. P. 12(b)(6)

     Defendant Kiewit Infrastructure West, Co. filed a Motion to
Dismiss Count II.  Defendant seeks dismissal of Plaintiff's
disability discrimination claim for failure to exhaust her
administrative remedies before filing suit on that claim.
Defendant seeks dismissal of Count II for lack of subject-matter
jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

     Defendant's Motion has not recognized the United States
Supreme Court's holding in Fort Bend Cty., Texas, 139 S.Ct. at
1850-51.

     This Court has subject-matter jurisdiction over Plaintiff's
Second Amended Complaint pursuant to federal question

jurisdiction.  28 U.S.C. § 1331.  Plaintiff's claims arise from
Title VII of the Civil Rights Act of 1964 and the Americans With
Disabilities Act of 1990.

The standard by which a defendant may seek dismissal for
failure to exhaust administrative remedies for employment
discrimination claims is limited to Fed. R. Civ. P. 12(b)(6).
Fort Bend Cty., Texas, 139 F.3d at 1850-51; Jass, Civ. No. 19-cv-
00609DKW-RT,   F.Supp.3d   , 2020 WL 1493030, *5 n.4; Williams
v. Wolf, 2019 WL 6311381, *8 (N.D. Cal Nov. 25, 2019) (construing
a 12(b)(1) motion for failure to exhaust as made pursuant to
12(b)(6) following the decision in Fort Bend).

## III. District Court Is Limited In Its Review Pursuant To Fed. R. Civ. P. 12(b)(6)

Pursuant to Fed. R. Civ. P. 12(b)(6), the Court accepts as
true the allegations in the complaint and construes the
allegations in the light most favorable to the plaintiff.
Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001); Bell
Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Here, Plaintiff has sufficiently pled that she has complied
with the mandatory filing prerequisites for filing suit pursuant
to the Americans With Disabilities Act of 1990.  Plaintiff
alleges that all of the administrative prerequisites have been
fulfilled.  (Second Amended Complaint at ¶ 8, ECF No. 19).

Defendant requests that the Court look beyond the
allegations in the Second Amended Complaint to dismiss Count II.

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court is generally limited to the four-corners of the complaint and may not consider facts presented in extrinsic evidence.  Butler v. Los Angeles Cty., 617 F.Supp.2d 994, 999 (C.D. Cal. 2008).

The Court may, however, consider material which is properly submitted as part of the complaint, documents which are uncontested and are incorporated by reference in the complaint, and documents subject to judicial notice as matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

In support of its Motion, Defendant attached:

Exhibit A:     Plaintiff's Charge of Discrimination (ECF No. 20-3;

Exhibit B:     Plaintiff's Inquiry Form (ECF No. 20-4).

In support of her Opposition, Plaintiff attached:

Exhibit 1:     Defendant Kiewit's Internal Investigation Report (ECF No. 24-2);

Exhibit 2:     Defendant Kiewit's September 16, 2015 Letter To Plaintiff's Union regarding her complaints of discrimination (ECF No. 24-3);

Exhibit 3:     EEOC Notes of Plaintiff's February 9, 2016 telephone interview (ECF No. 24-4);

Exhibit 4:     Defendant Kiewit's April 8, 2016 Letter To the EEOC (ECF No. 24-5).

The extrinsic evidence raises questions of fact that are beyond the scope of the Court's limited inquiry pursuant to Fed. R. Civ. P. 12(b)(6).

**IV.   Questions Of Fact Remain As To Exhaustion**

The Ninth Circuit Court of Appeals has explained that a
detailed factual inquiry may be required when evaluating whether
a plaintiff has exhausted her administrative remedies for her
employment discrimination claims.  The Ninth Circuit Court of
Appeals has adopted an expansive policy that allows for a finding
of exhaustion as to "all allegations of discrimination that
either fell within the scope of the EEOC's actual investigation
or an EEOC investigation which can reasonably be expected to grow
out of the charge of discrimination."  <u>B.K.B. v. Maui Police
Dep't</u>, 276 F.3d 1091, 1100-01 (9th Cir. 2002) (abrogated, in
part, by <u>Fort Bend Cty., Texas</u>, 139 S.Ct. at 1852).

The Ninth Circuit Court of Appeals explained in <u>B.K.B.</u> that
even if the charge of discrimination itself is deficient, the
court may look to outside evidence to determine if the agency
itself was negligent for failing to include information as part
of the charge.  <u>B.K.B.</u>, 276 F.3d at 1102-03.  The inquiry is
broad in scope and requires a determination of: (1) whether the
agency actually did investigate the type of claim that is
deficient on the face of the charge of discrimination; or (2)
whether the agency should have investigated the type of claim
that is deficient in the charge of discrimination.  <u>Id.</u>; <u>see
Maybin v. Hilton Grand Vacations Co., LLC</u>, Civ. No. 17-00489 DKW-
KSC, 2018 WL 2944149, *6 (D. Haw. June 12, 2018).

Plaintiff has submitted documents related to the EEOC

investigation of her disability discrimination claims.  There is also documentary evidence relating to her Union's involvement in the investigation of her claims, as well as Defendant Kiewit's own internal investigation of Plaintiff's discrimination claims. These documents are not subject to judicial notice.  These documents raise questions surrounding the EEOC's investigation, the notice provided to the EEOC as to Plaintiff's injury on the job, and the scope of its inquiry.  At a minimum, it raises the question as to whether the EEOC should have investigated Plaintiff's disability discrimination claim given that the claim arises from the same nucleus of facts as her sex and race discrimination claims.

The Court is unable to conduct a factual inquiry pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff pled that she complied with the administrative exhaustion requirements before filing suit and has stated a claim for disability discrimination.

The inquiry about administrative exhaustion requires a detailed examination of fact as set forth in B.K.B., 276 F.3d at 1099, and such an inquiry is not suitable for review in a 12(b)(6) motion.  Here, there appear to be disputes and questions of fact as to the scope of the EEOC's investigation.  See Vergara v. Skyline ULTD Inc., Civ. No. 19-00564 SOM-RT, 2019 WL 6702544, *5 (D. Haw. Dec. 9, 2019).

## CONCLUSION

Defendant Kiewit Infrastructure West Co.'s Motion to Dismiss Count II of Second Amended Complaint (ECF No. 20) is **DENIED.**

IT IS SO ORDERED.

DATED: June 1, 2020, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

<u>Vanessa Vasquez v. Kiewit Infrastructure West, Co.</u>, Civ. No. 19-00513 HG-WRP; **ORDER DENYING DEFENDANT KIEWIT INFRASTRUCTURE WEST CO.'S MOTION TO DISMISS COUNT II OF SECOND AMENDED COMPLAINT (ECF No. 20)**